UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SHUMPERT,

        Petitioner,        Case Number: 2:12-CV-11718

v.        HONORABLE GERALD E. ROSEN

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS AND DISMISSING PETITION WITHOUT PREJUDICE

**I.    Introduction**

Michigan state prisoner Donald Shumpert filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights. Petitioner was convicted in the Washtenaw County Circuit Court of carjacking, MICH. COMP. LAWS § 750.529a; conspiracy to commit carjacking, MICH. COMP. LAWS §§ 750.529a, 750.157a; armed robbery, MICH. COMP. LAWS § 750.529; conspiracy to commit armed robbery, MICH. COMP. LAWS §§ 750.529, 750.157a; felony firearm, MICH. COMP. LAWS § 750.227b; resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81(d)(1); fleeing and eluding a police officer, MICH. COMP. LAWS § 257.227(3); and carrying a concealed weapon, MICH. COMP. LAWS § 750.227(3). The matter is currently before the Court on Petitioner's motion for a stay of the proceedings so that he can exhaust additional claims concerning the effectiveness of trial counsel in the

state courts.  For the reasons stated, the Court denies Petitioner's motion for a stay and instead dismisses without prejudice the habeas petition.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.    Procedural History

Petitioner's convictions arise from a July1, 2008 carjacking and robbery in Ann Arbor, Michigan.  Petitioner was convicted by a jury in Washtenaw County Circuit Court as set forth above.  On May 26, 2009, he was sentenced to 15 to 30 years' in prison for the carjacking, armed robbery, and conspiracy convictions; 40 to 60 months' in prison for the carrying a concealed weapon and fleeing and eluding convictions; and 12 to 24 months' in prison for the resisting and obstructing conviction, all to be served concurrently with one another and consecutively to two years' in prison for the felony-firearm conviction.

Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims of ineffective assistance of counsel and insufficiency of the evidence.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Shumpert*, No. 292634, 2010 WL 4226610  (Mich. Ct. App. Oct. 26, 2010) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims.  The Michigan Supreme Court denied leave to appeal.  *People v. Glenn*, 489 Mich. 897, 796 N.W.2d 77 (Mich. Apr. 25, 2011).

Petitioner filed his federal habeas petition on April 10, 2012.  Petitioner filed his motion for stay on August 15, 2013.

### III.     Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he wishes to raise claims not previously raised in state court regarding the effectiveness of trial counsel. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*,

3

99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on April 25, 2011, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on July 24, 2011. Petitioner filed his federal habeas petition on April 10, 2012. Thus, approximately three months of the one-year period remains. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for

State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that three months of the one-year period remains, Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Thus, even assuming that Petitioner has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, he has not shown the need for a stay. Lastly, his unexhausted claims concern matters of federal law which do not appear to be "plainly meritless." The state courts should be given a fair opportunity to rule upon those claims. Given the foregoing circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## IV.     Conclusion

Accordingly, the Court **DENIES** Petitioner's motion for a stay and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. If Petitioner wishes to proceed on the claims contained in the petition and abandon his unexhausted claims, he may move to reopen these proceedings within thirty days from the date of the Order.

Before Petitioner may appeal the Court's decision, a certificate of appealability

must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

    **SO ORDERED**.

`
                                s/Gerald E. Rosen
                                Chief Judge, United States District Court

Dated: September 16, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2013, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135